## KLEINSCHMIDT, RESPONDENT, *v.* KLEINSCHMIDT, APPELLANT.

[Submitted July 25, 1892.   Decided January 30, 1893.]

PLEADING AND PROOFS — *Variance — Debt evidenced by note.* — A promissory note is not itself the payment of a debt, but is the written evidence of the debt, and therefore, in an action to recover money due on a non-negotiable instrument, where the answer averred facts showing an indebtedness from plaintiff's assignor to defendant for money loaned, the fact that such indebtedness was proved to be evidenced by a note does not create a variance between the pleadings and proof.

*Appeal from First Judicial District, Lewis and Clarke County.*

Action on contract.   The cause was tried before HUNT, J. Plaintiff had judgment below.   Reversed.

Statement of facts prepared by the judge delivering the opinion.

In December, 1886, the defendant, Albert Kleinschmidt, and one Henry Klein were interested in a contract for the construction of the Helena, Boulder Valley and Butte Railroad.   Each of said persons owned one sixth of that contract.   On December 3, 1886, said Kleinschmidt and Klein sold to J. W. Buskett the one-eighth interest of the net profits to be realized by them from said railroad contract.   For that one-eighth interest Buskett delivered to them 10,000 shares of stock in the Boulder Mining and Reduction Company.   This transaction was evidenced by a writing, of which the following is a copy:

"HELENA, M. T., December 3, 1886.

"For and in consideration of (10,000) ten thousand shares of the Boulder Mining and Reduction Company stock, delivered to us by J. W. Buskett, we agree to pay over to him all of the ($\frac{1}{8}$) one-eighth net profits realized by us out of a contract in which we are interested, in building thirty miles of the Helena, Boulder Valley and Butte Railroad.   Said net profits shall be paid by us to J. W. Buskett immediately after we receive our share, which is ($\frac{1}{6}$) one-sixth each.   J. W. Buskett shall not advance any funds whatsoever to prosecute the construction of the railroad named.

[SIGNED]      "ALBERT KLEINSCHMIDT.
"HENRY KLEIN."

The stock was delivered by Buskett to Kleinschmidt and Klein, and the writing above set forth was signed and delivered by Kleinschmidt and Klein to said Buskett.   On April 22, 1887, said Buskett, for a valuable consideration, transferred and delivered to the plaintiff, T. H. Kleinschmidt, his right, title, and interest in the said contract, and the profits therein mentioned.   On October 22, 1888, these profits mentioned were ascertained and paid to Albert Kleinschmidt and Henry Klein; and said Henry Klein paid to T. H. Kleinschmidt, as his share, the sum of $2,997.98.   The plaintiff sues Albert Kleinschmidt for an equal amount, to wit, $2,997.98, which Albert Kleinschmidt has not paid to plaintiff.

The substantial contention in the case was as follows: The

defendant's answer alleges "that after the making of such memorandum [that is. to say, the agreement transferring the one-eighth interest from Albert Kleinschmidt to Buskett], on or about the fifth day of January, 1887," a certain other transaction took place. That transaction, as defendant alleges it in his answer, was that Buskett requested the loan of $1,350 from defendant, Albert Kleinschmidt, to purchase more stock in the above-mentioned Boulder Mining and Reduction Company; that Albert Kleinschmidt advanced said money to Buskett, and Buskett agreed with Kleinschmidt that Kleinschmidt should retain out of Buskett's share of the net profits from the railroad contract enough of said net profits to pay Kleinschmidt the advance of $1,350, with interest at 12 per cent per annum; and that Buskett hypothecated said stock so purchased to Albert Kleinschmidt, as additional security for the payment of said $1,350. The answer further states that Buskett's share of said profits in the railroad contract was $2,947.76, which A. Kleinschmidt retained and still retains, for the purpose of paying the obligation of $1,350, with interest, as aforesaid, which is still due and unpaid. The plaintiff filed a replication in which he states that the $1,350 indebtedness was not an open account, but was upon a promissory note, which was not due or payable until after April 22, 1887. The answer sets up said matter of $1,350 as a debt from Buskett to Kleinschmidt. It does not describe that debt as being evidenced by note. Upon the trial of the case it was developed, in evidence, that on January 5, 1887, Buskett gave to Kleinschmidt his note for $1,350, with interest at one per cent a month, for the $1,350 received from Kleinschmidt to purchase the said shares of stock described. The plaintiff moved to strike out all of the testimony relating to the debt of Buskett to Albert Kleinschmidt, for the reason that it appeared that there was a written instrument explaining and giving the terms and conditions of the loan—that is, a promissory note—which cannot be explained, varied or diminished by oral testimony, and that this indebtedness appears to have been in the form of a note, and not a bare loan or open account of indebtedness, as alleged in the answer as new matter, and therefore is a variance between the pleadings and the proof. The court then makes the following ruling : "That motion is sustained, on the ground

that there is a material variance between the pleadings and the proof." Following this ruling, defendant's counsel asked a series of questions in reference to the note, and the alleged indebtedness from Buskett to Kleinschmidt, all of which questions were excluded by the court. In this connection the court refused to allow defendant to prove whether the indebtedness of Buskett to Albert Kleinschmidt had been paid. The court, by its action, excluded from the case, and from the consideration of the jury, all evidence in reference to the indebtedness of $1,350 by Buskett to Kleinschmidt. Defendant's defense or counterclaim being out of the way, verdict and judgment were for plaintiff for the full amount claimed. A motion for new trial was made by the defendant, which was denied, and from this order and the judgment he appeals.

*Cullen, Sanders & Shelton,* and *Henry C. Smith,* for Appellant.

If the debtor gives his own note for a debt, it will not be an absolute payment unless it is taken as such by agreement of the parties. (*Knox* v. *Gerhauser,* 3 Mont. 267; 3 Randolph on Commercial Paper, § 1509 et seq.) If the new promise is executory and not binding, it is no satisfaction until it be executed. If it be a binding promise for a new consideration payable at a future date certain, then the original right of action is suspended until that day comes, and if the promise is not then duly performed this right revives and the promisee has the election to sue on the original cause of action or on the new promise. (2 Parsons on Contracts, § 196; *Brewster* v. *Bours,* 8 Cal. 506; *Puckford* v. *Maxwell,* 6 T. R. 52; *Cumming* v. *Hackley,* 8 Johns. 202; *Putnam* v. *Lewis,* 8 Johns. 389; *Johnson* v. *Weed,* 9 Johns. 310; *Porter* v. *Talcott,* 1 Cowen, 359; *Raymond* v. *Merchant,* 3 Cowen, 147; *Hughes* v. *Wheeler,* 8 Cowen, 77; *Olcott* v. *Rathbone,* 5 Wend. 490; *Reed* v. *Van Ostrand,* 1 Wend. 424; 19 Am. Dec. 529.) When the note of the debtor is taken and not paid at maturity, the creditor ought to bring suit upon the original consideration. (3 Randolph on Commercial Paper, § 1581; *Porter* v. *Talcott,* 1 Cowen, 359; *Clark* v. *Young,* 1 Cranch, 181; *Clifton* v. *Litchfield,* 106 Mass. 34; 3 Randolph on Commercial Paper, § 1674 et seq.; Byles on Bills, 230; 2 Parsons on Contracts, 436.)

*Toole & Wallace,* for Respondent.

DE WITT, J.—On December 3, 1886, Albert Kleinschmidt transferred absolutely to John W. Buskett one-eighth of his (Kleinschmidt's) interest in the profits arising from the construction of the Helena, Boulder Valley and Butte Railroad. This was for a consideration delivered by Buskett, and received by Kleinschmidt. The transaction was evidenced by a writing signed by Kleinschmidt, and delivered to Buskett. Defendant proved that the loan of $1,350 was on January 5, 1887, and that for this loan Buskett gave him a promissory note, at ninety days, which had been renewed by Buskett, and negotiated by Kleinschmidt, in 1887. The court refused to allow defendant to prove whether the debt had been paid. Now, in this condition of affairs, on April 22, 1887, T. H. Kleinschmidt, plaintiff, buys from Buskett, for a valuable consideration, his one-eighth interest. Afterwards, and on October 22, 1888, the money for Buskett's one-eighth interest in the contract comes into the hands of Albert Kleinschmidt, along with Kleinschmidt's own profits, which he had not transferred. Now T. H. Kleinschmidt is in court demanding from Albert Kleinschmidt that he (Albert Kleinschmidt) deliver to him that which he (T. H. Kleinschmidt) bought from Buskett. Albert Kleinschmidt declines to deliver these profits to T. H. Kleinschmidt, and says that he holds them as security for the payment of said $1,350, and interest at twelve per cent per annum since January 5, 1887. The position of Albert Kleinschmidt seems to be that he claims that these alleged facts are an absolute defense to the action of plaintiff. But whether a defense or a counterclaim or a setoff, it does not here seem necessary to determine, as will appear below.

The writing of December 3, 1886, by which Albert Kleinschmidt and Henry Klein transferred the one-eighth interest in the profits to John W. Buskett, was not a negotiable instrument. Therefore, when Buskett transferred his interest so obtained in these profits to T. H. Kleinschmidt the latter took the same subject to the provisions of section 5 of the Code of Civil Procedure, which is as follows: "In the case of an assignment of a thing in action, the action by the assignee shall be

without prejudice to any setoff or other defense existing at the time of, or before, notice of the assignment; but this section shall not apply to a negotiable promissory note or bill of exchange, transferred in good faith, and upon good consideration before due." Therefore, under this statute, if Buskett was indebted to Albert Kleinschmidt when he, Buskett, transferred the one-eighth profits to T. H. Kleinschmidt, then Albert Kleinschmidt could plead against T. H. Kleinschmidt said debt, as a defense or setoff, as the case might be, in an action by T. H. Kleinschmidt on the assigned Buskett claim. Therefore, the $1,350 debt of Buskett to Albert Kleinschmidt was proper matter in the answer, and was good, against T. H. Kleinschmidt, unless Albert Kleinschmidt had estopped himself from setting it up. Such estoppel was pleaded — whether well or not, need not be said — in the replication, but that point was not reached in the case, as will appear below. The court struck out the evidence as to this $1,350 debt. This was on the ground of a variance between the allegations of the answer and the proof. The answer stated that Buskett requested the loan of $1,350, and Albert Kleinschmidt advanced that amount to him. The proof showed that Buskett had given Albert Kleinschmidt a note for the amount. It did not appear that the note had been paid. It appeared that the note had been renewed, but it did not appear that the debt evidenced by the note had been paid, and the court declined to hear evidence as to whether it had. A promissory note is not itself the payment of a debt. It is the written evidence of the debt. If the answer pleads the fact of an indebtedness, and it appears in proof that the indebtedness is evidenced by a note, the fact is then in proof that the debt exists. It is that fact that was alleged. A debt was alleged. A debt was proved. We do not understand that there was a variance. Therefore the court erred in eliminating the testimony of Buskett's indebtedness to Albert Kleinschmidt, on the ground upon which the motion was made, viz., a variance. Such is the point before us on the appeal, and the views just expressed are decisive.

Respondent urges some other points upon which he contends that his judgment should be sustained, notwithstanding the error above discussed. But those matters which he presents

for our consideration were not reached in the case, nor were they before the lower court. For example, he contends that defendant was estopped to set up the Buskett debt. But such matter was for a replication by plea, and for rebuttal in proof. But defendant's matter in the answer as to the Buskett debt being swept out of the case, the trial never reached the point of rebuttal. Nothing was offered to rebut that which in the defense had been put out of the case by the ruling of the court upon the question of variance. On which ruling, as above observed, the judgment and order denying the new trial must be reversed.

*Reversed.*

PEMBERTON, C. J., and HARWOOD, J., concur.